STATE OF NORTH CAROLINA v. DWIGHT R. BAKER, Alias ROBERT RAY WILLIAMS, Alias BOBBY RAY WILLIAMS

No. 7025SC284

(Filed 24 June 1970)

**Criminal Law § 155.5—— extension of time to serve case on appeal**

Judge who was not the trial judge had no authority to grant an extension of time in which to serve the case on appeal. Rule 50 of the Court of Appeals. Appeal is subject to dismissal by the Court of Appeals *ex mero motu* for failure to comply with Rule 50. Rule 48.

Appeal by defendant from *Clarkson, E.J.,* 1 December 1969 Special Criminal Session of Superior Court held in Catawba County.

Defendant was charged in a bill of indictment, proper in form, with armed robbery. The case was consolidated for trial with a kidnapping charge. Only the indictment charging armed robbery is included in the record, presumably because defendant was acquitted by the jury of the charge of kidnapping. The evidence for the State tended to show that on the afternoon of 26 December 1968 the prosecuting witness, Zeno H. Clement (Clement), was the manager of a supermarket located near Hickory, North Carolina. On that date defendant robbed the supermarket of approximately $6,800 by threatening Clement with a sawed-off shotgun. The shotgun was concealed under defendant's coat until he pulled his coat back and revealed the end of the shotgun. Clement was forced by the defendant to put the money into a bag. Defendant then forced Clement to accompany him some three to four hundred yards from the supermarket. The defendant was not wearing a hat and had nothing covering his face. Clement testified that he observed the defendant while in the store and also when the defendant forced him to go outside the supermarket. Clement testified that he had consciously tried to obtain a good description of the robber and positively identified the defendant from observation at the time of the crime. Defendant's fingerprints were found on a bag at the scene of the crime.

The jury returned a verdict of guilty of armed robbery, and defendant was sentenced to thirty years in prison. The defendant appealed to the Court of Appeals.

*Attorney General Morgan by Assistant Attorney General Vanore for the State.*

*Thomas W. Warlick for defendant appellant.*

MALLARD, C.J.

Defendant was tried and sentenced by Judge Clarkson on 4 December 1969 and was permitted sixty days to prepare and serve his case on appeal. The sixty days allowed by Judge Clarkson to serve the case on appeal expired on 2 February 1970. The case on appeal was not served during that time, but service thereof was accepted by the assistant solicitor on 24 February 1970. On 2 February 1970 an order was obtained from Judge Harry C. Martin and filed 4 February 1970, purporting to allow defendant an additional period of time in which to *serve his case on appeal.* On 3 March 1970 an order was obtained and filed permitting defendant an additional period of time in which to docket the record on appeal with this court. Judge Harry C. Martin was not the trial judge. Rule 50 of the Rules of Practice in the Court of Appeals of North Carolina requires that if an extension of time is required in which to serve the case on appeal, *only* the *trial judge* may enter such an order, for good cause and after reasonable notice to the opposing party or counsel, providing such order may not alter the provisions of Rule 5 relating to the docketing of the record on appeal. Judge Martin was without authority to grant an extension of time in which to serve the case on appeal, and the appeal is subject to dismissal *ex mero motu* under Rule 48 for a failure to comply with Rule 50.

We have, nevertheless, examined the record and the assignments of error presented in defendant's brief and are of the opinion that the proceedings in the superior court were free from prejudicial error.

Appeal dismissed.

MORRIS and GRAHAM, JJ., concur.